UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INFORMATION** |
| v. | S4 23 Cr. 612 (NSR) |
| JIANGNAN LIN,<br> a/k/a "Xiao Pang," | |
| Defendant. | |

## COUNT ONE
### (Conspiracy to Commit Hobbs Act Extortion)

The United States Attorney charges:

1.        From at least on or about July 18, 2023, through at least on or about July 20, 2023, in the Southern District of New York and elsewhere, JIANGNAN LIN, a/k/a "Xiao Pang," the defendant, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, LIN participated in a conspiracy to lure the victim, Peng Cheng Li, to a location in Queens, New York, to restrain, hold, threaten, and beat Li in an effort to recoup an alleged unpaid drug debt, which resulted in Li's death and the transportation of Li's body by LIN's co-conspirators through the Southern District of New York to New Hampshire.

(Title 18, United States Code, Section 1951.)

**COUNT TWO**
**(Conspiracy to Commit Kidnapping)**

The United States Attorney further charges:

2.      From at least on or about July 18, 2023, through at least on or about July 20, 2023, in the Southern District of New York and elsewhere, JIANGNAN LIN, a/k/a "Xiao Pang," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1).

3.      It was a part and object of the conspiracy that JIANGNAN LIN, a/k/a "Xiao Pang," the defendant, and others known and unknown, would and did knowingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away, and hold for ransom and reward and otherwise Peng Cheng Li, and Li would be and was willfully transported in interstate and foreign commerce, and LIN would and did travel in interstate and foreign commerce and use the mail and a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of committing the offense, in violation of Title 18, United States Code, Section 1201(a)(1), to wit, LIN participated in a conspiracy to lure the victim, Peng Cheng Li, to a location in Queens, New York, to restrain, hold, threaten, and beat Li in an effort to recoup an alleged unpaid drug debt, which resulted in Li's death and the transportation of Li's body by LIN's co-conspirators through the Southern District of New York to New Hampshire.

Overt Acts

4.      In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.      On or about July 19, 2023, co-conspirators of JIANGNAN LIN, a/k/a "Xiao Pang," the defendant, used an Internet-based telephone application to call a restaurant to lure Li, an employee of the restaurant, to a location where Li could be abducted.

b.      On or about July 19, 2023, JIANGNAN LIN, a/k/a "Xiao Pang," the defendant, and others known and unknown, participated in the assault and abduction of Li.

c.      On or about July 19, 2023, co-conspirators of JIANGNAN LIN, a/k/a "Xiao Pang," the defendant, drove Li over the Verrazano-Narrows Bridge and through Manhattan, Westchester County, and other locations, to New Hampshire.

d.      On or about July 19, 2023, co-conspirators of JIANGNAN LIN, a/k/a "Xiao Pang," the defendant, buried Li's body in a forest in New Hampshire.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

5.      As a result of committing the offenses alleged in Counts One and Two of this Information, JIANGNAN LIN, a/k/a "Xiao Pang," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

6.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

3

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

DAMIAN WILLIAMS
United States Attorney